730 P.2d 1184

**In the Matter of Bruce G. STAFFORD Attorney At Law.**

No. 14837.

Supreme Court of New Mexico.

April 20, 1983.

## OPINION

In August 1981, Bruce G. Stafford, an attorney admitted to practice in New Mexico, was served with a Specification of Charges alleging two counts of misconduct.

Count I alleged that Stafford, at the conclusion of his own deposition, became involved in an altercation with opposing counsel and threw a five pound ashtray at counsel's head, barely missing it.

Count II alleged that after Stafford was retained by a party to represent him to recover damages to a fence and garage wall, he allowed the case to be dismissed with prejudice for failure to prosecute although he had already been paid a fee for the case. Stafford also in this case, sought relief from a court that had no jurisdiction to hear the matter.

Stafford admitted the physical confrontation in Count I, however, claimed it was instigated and initiated by opposing counsel. Concerning Count II, Stafford denied that he neglected or abandoned the case.

A hearing was held before the Disciplinary Board's hearing committee. The hearing committee submitted its findings of fact and conclusions of law sustaining both charges, and recommended to the Disciplinary Board that Stafford be publicly censured.

A panel of the Disciplinary Board upheld the hearing committee's findings and approved the recommendation to the Supreme Court that Stafford be publicly censured for each Count.

On March 23, 1983, a hearing was held before this Court to determine whether the Disciplinary Board's findings and recommendation should be upheld. Counsel for the Disciplinary Board appeared. Stafford did not appear.

■ Stafford's act of throwing an object at a fellow attorney demonstrates a great lack of respect for the judicial process and the legal system. The legal system exists to resolve disputes by means other than physical force or brute strength. By engaging in a physical confrontation immediately following a deposition and while still in the court's jury room, Stafford casts doubt upon his fitness to practice law.

We are also very concerned about Stafford's neglect of the case that was the subject of Count II. Stafford's apparent lack of preparation caused him to seek remedies that were unavailable in the court where the action was brought.

■ Although we are somewhat concerned at the mild disciplinary action recommended, we will follow the recommendation of the Disciplinary Board in this instance.

Stafford is hereby ordered to appear before this Court to be censured for his conduct in each of these counts within 30 days. He is also ordered to pay costs incurred by the Disciplinary Board and ordered to show cause why he should not be ordered to make restitution to the victims of each count.

Failure to comply with this order shall subject Stafford to suffer immediate suspension of his license to practice law.

It is so Ordered.

It appearing to the Court that Bruce G. Stafford has not abided by the Order of the Court entered herein on April 20, 1983, having failed to appear before this Court to be censured for his conduct as provided in the Opinion of the Court, nor has he paid any costs incurred by the Disciplinary Board or made restitution to the victims of each count of his Specification of Charges, and the Judgment of the Court further providing that failure to comply would subject Stafford to suffer immediate suspension of his license to practice law;

NOW, THEREFORE, IT IS ORDERED by the Court that BRUCE G. STAFFORD is hereby suspended from the practice of law in all of the Courts of the State of New Mexico, and reinstatement shall not be automatic but upon application and further proceedings by the Disciplinary Board.